IN THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSE MICHAEL** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-CV-00712 |
| ) | |
| **AMERASSIST A/R SOLUTIONS, INC.** ) | |
| **d/b/a AMERAGRAM MESSAGING SERVICE** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| ILLINOIS CORPORATION ) | |
| SERVICE CO. ) | |
| 801 Adlai Stevenson Drive ) | |
| Springfield, Illinois 62703 ) | |

**JURY TRIAL DEMANDED**

## **COMPLAINT**

COMES NOW, Plaintiff, and for her Complaint states as follows:

## **INTRODUCTION**

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## **JURISDICTION**

1

3.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Waterloo, Illinois.

## PARTIES

4.      Plaintiff is a natural person currently residing in Waterloo, Illinois.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5.      Defendant is a collection agency with its principal place of business in Columbus, Ohio.  The principal business purpose of Defendant is the collection of debts in Illinois and nationwide.  Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a (6).

## FACTS

7.      On or about June 2, 2015, Defendant sent Plaintiff a dunning letter attempting to collect a debt owed to Columbia EMS in the amount of $361.79.  **Exhibit 1.**

8.      The June 2nd letter was the initial communication as defined by the FDCPA.

9.      The June 2nd letter does not provide Plaintiff with a validation notice pursuant to 1692g of the FDCPA.

10. On or about June 12, 2015, Plaintiff received a letter from AmerAgram Messaging Service. The name "AmerAgram Messaging Service" appears on the front of the envelope received by Plaintiff. **Exhibit 2.**

11. AmerAgram Messaging Service sent another collection letter of behalf of Columbia EMS. **Exhibit 3.**

12. Upon information and belief, AmerAgram Messaging Service is an entity under control of Defendant.

13. The June 12th letter does not advise Plaintiff of her validation rights pursuant to 1692g.

14. The June 12th letter overshadows Plaintiff's right to dispute the debt and is in violation of the FDCPA.

15. Defendant's conduct has caused anxiety, stress and worry to Plaintiff.

## COUNT I: VIOLATIONS OF THE FDCPA

16. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

17. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

    b. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

    c.      Failure to send the Plaintiff a validation notice within five days of the initial communication.  15 U.S.C. § 1692g.

    d.  Overshadowing Plaintiff's dispute rights.  15 U.S.C. § 1692g.

    e.  Displaying the collection agency's name on the outside of the envelope.  15 U.S.C. § 1692f(8).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.      Judgment that Defendant's conduct violated the FDCPA;

    B.      Actual damages;

    C.      Release of the alleged debt;

    D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E.      For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason
_____
**JAMES W. EASON, #6281329
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com**